JOANOS, Judge.
Appellants Cargo Gas Company and its insurance carrier, American Home Group, appeal an order of the deputy commissioner awarding workers’ compensation benefits to appellee Dorothy Crumpton who was employed by Cargo Gas as a part-time gas station attendant at the time of her injury. Appellants question the correctness of the order in four respects: (1) Whether the employee’s tips from other employment were properly substantiated so as to be included in her average weekly wage; (2) Whether there was sufficient evidence to support the award of 5% permanent partial disability; (3) Whether the temporary total disability award was supported by the evidence; and (4) Whether the order requires appellants to pay a hospital bill which was in issue. With regard to the first three points on appeal, we affirm the deputy commissioner. The fourth issue raised by appellants, however, points out an ambiguity in the order which must be resolved on remand.
On April 14, 1978, while working at Cargo Gas, Dorothy Crumpton was injured when she was trapped at thigh level between the bumpers of two cars. She was about six months pregnant at the time of the accident, but the child born in July was unaffected by his mother’s injury. According to the attending physician, there were some difficulties with the delivery, however, which were attributable to the accident. As noted in the pre-trial stipulation, Mrs. Crumpton sought reimbursement of at least part of the hospitalization and medical services required during the delivery, and at the hearing the employer’s liability for the July hospitalization was clearly raised as an issue.
In his order, the deputy commissioner found that Mrs. Crumpton’s hospitalization on April 14, 1978 was of an emergency nature and necessitated by the accident. Mrs. Crumpton was hospitalized on April 14th, but the bill for that hospitalization had already been paid by the employer and was not in controversy. The order never mentions the July hospitalization, which was in controversy. This omission in an otherwise detailed order combined with a discussion of a non-controverted hospitalization makes us uncertain of the result intended by the deputy commissioner. We find it necessary to remand on this issue for clarification of what we perceive to be an ambiguity [1].
Concerning the other three points raised by appellant, on review of the record we find that there was competent substantial evidence to support the deputy commissioner’s determinations on amount of the average weekly wage[2], degree of permanent *375 partial disability, and the award of temporary total disability.
REMANDED for the Deputy Commissioner to enter an order clarifying whether appellants are required to pay any part of the July 1978 hospital bill which was in issue.
WENTWORTH, J., and LILES, WOOD-IE A. (Retired), Associate Judge, concur.

. If the award of benefits is altered on remand, then the attorney’s fee award should also be revisited.

. Appellant argued that the only proper evidence of the amount of tips received by claimant in her concurrent employment was her income tax return. See, however, Cornaros v. Carillion Hotel, 235 So.2d 478 (Fla.1970) which upholds the discretion of the deputy to accept a claimant’s testimony on the amount of tips over documentary evidence. Appellant also argued that the tips should not have been included in average weekly wage because they were not received “with the knowledge of the employer” as required by Fla.Stat. § 440.02(12). We find that there was ample evidence to support the conclusion that claimant’s other employers had “ignored the obvious and not in good faith made an effort to determine the actual income of the employer.” Top of the Home Restaurant v. Mourino, IRC Order 2-3490 (1978).